IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Amos Mattison,<br><br>    Petitioner,<br><br>vs.<br><br>Greg Fizer, *et al.*,<br><br>    Respondents. | No. CV 04-2961-PHX-JAT (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2254. Pursuant to the Rules of Practice of this Court, this matter was initially referred to Magistrate Judge Voss, then re-assigned to Magistrate Judge Guerin, for Report and Recommendation (Doc. Nos. 2 & 48). Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 26) and Petitioner's Reply (Doc. No. 28). In addition, the Court granted three motions by Petitioner to accept additional evidence with reference to claims made in the Petition (Doc. Nos. 38, 40 & 47). The Court also permitted Respondents to supplement their Answer (Doc. No. 53).

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 2000, at 6:50 p.m., Petitioner's vehicle was stopped by Officer Devore.[1] (Answer, Ex. P.) Devore had observed Petitioner driving ten miles below the speed limit and weaving in his lane. (Id.) Petitioner had watery, bloodshot eyes and Devore could smell the odor of alcohol coming from Petitioner's facial area. (Id.) Petitioner failed all field sobriety tests. (Id.) Petitioner admitted that he drank some beer; during a search of the vehicle, Devore discovered two open cans of beer. (Id.)

On June 22, 2000, Petitioner was indicted on one count of aggravated DUI in violation of A.R.S. §§ 28-1383(A)(1), 28-1441, 28-1461-1464, 13-604, 13-701, 13-702 and 13-801. (Answer, Ex. A.) The indictment alleged that Petitioner drove while under the influence and while his driver's license was suspended or revoked due to a restriction placed on his license following a previous felony conviction for driving while intoxicated. (Id.) On December 8, 2000, the State amended the indictment to include Petitioner's previous felony convictions: a 1983 conviction on two counts of third-degree burglary, a 1987 conviction on two counts of driving while intoxicated, a 1991 conviction on one count of driving while intoxicated, and a 1997 conviction on one count of disorderly conduct. (Answer, Ex. B.)

On February 9, 2001, Petitioner filed a motion to dismiss the charge against him on the ground that the police improperly interfered with Petitioner's right to consult with counsel following his arrest, and that because he was unable to contact counsel, Petitioner was denied his right to obtain exculpatory evidence. (Answer, Ex. E, App. A.) The trial court denied the motion, concluding that the State did not unreasonably interfere with Petitioner's ability to contact counsel of his choice. (Answer, Ex. E, pg. 4.)

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

On March 1, 2001, a jury convicted Petitioner on the charge of aggravated DUI. (Answer, Ex. C.) Petitioner was sentenced on May 30, 2001 to an aggravated term of twelve years in prison.[2] (Answer, Ex. D.)

On December 14, 2001, Petitioner filed, through counsel, a direct appeal to the Arizona Court of Appeals. (Answer, Ex. E.) Petitioner's direct appeal raised one claim: that the police improperly interfered with his right to consult with counsel following his arrest. (Answer, Ex. E.) The Court of Appeals affirmed Petitioner's conviction and sentence. (Answer, Ex. F.) Petitioner filed a pro se motion for reconsideration of the Court of Appeals' decision, and sought to supplement his opening appellate brief. (Answer, Ex. G.) The Arizona Court of Appeals denied both motions and advised Petition of his deadline to petition for review. (Answer, Exs. I & J.)

Petitioner timely filed a pro se petition for review of the Court of Appeals decision, requesting appointment of counsel and additional time in which to file a supplemental brief. (Answer, Ex. K.) On September 20, 2002, the Arizona Supreme Court summarily denied review. (Answer, Ex. L.)

Petitioner filed a notice of post-conviction relief on August 21, 2002. (Answer, Ex. M.) On February 3, 2003, Petitioner filed, through counsel, a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 petition"), which raised five claims of ineffective assistance of counsel:

1. Trial counsel failed to call three significant defense witnesses who would have corroborated Petitioner's testimony at trial and established that Devore unreasonably interfered with Petitioner's right to counsel;

2. Trial counsel failed effectively to litigate Petitioner's pretrial motion to dismiss because she (a) neglected to correct erroneous evidence advanced by the State, (b) neglected to argue that the police acted unreasonably in not waiting for Petitioner's counsel to return

---

[2] It appears from the record that Petitioner also pled guilty to one count of possession or use of marijuana and was sentenced to an aggravated term of 2.25 years, to run concurrent with his DUI sentence. (Answer, Ex. D.)

- 3 -

1         Petitioner's call, and (c) neglected to offer testimony of witnesses who would have
2         established that Petitioner was waiting for his counsel to call the jail;
3 3.    Trial counsel failed to adequately litigate, in Petitioner's pretrial motion to dismiss, the
4         claim that Petitioner was denied his right to obtain exculpatory evidence;
5 4.    Trial counsel failed to object to the trial court's erroneous jury instruction regarding
6         Petitioner's right to consult with a lawyer prior to deciding whether to take a breath test
7         and failed to request a theory of defense instruction supported by the evidence;
8 5.    Trial counsel failed to correct the erroneous criminal history presented in the addendum
9         to the pre-sentencing report.

(Answer, Ex. O.)

The trial court ruled that Petitioner had failed to present a colorable claim of ineffective assistance of counsel as to all but one of his claims. (Answer, Ex. P.) The trial court further concluded that Petitioner had presented a colorable claim of ineffective assistance of counsel arising from trial counsel's failure to correct the erroneous criminal history presented in the addendum to the pre-sentencing report; the trial court set an evidentiary hearing to consider this claim. (Id.) Following that evidentiary hearing, on May 19, 2003, the trial court vacated Petitioner's twelve year sentence and re-sentenced Petitioner to a mitigated term of eight years, this time omitting Petitioner's prior criminal history and prior felony convictions from consideration as aggravating factors. (Answer, Exs. Q & R.)

On June 12, 2003, Petitioner filed, through counsel, a petition for review of the trial court's denial of the other four claims presented in his Rule 32 petition ("Court of Appeals petition for review"). (Answer, Ex. S.) On July 22, 2004, the Arizona Court of Appeals summarily denied review. (Answer, Ex. T.) Petitioner filed a *pro se* motion for reconsideration with the Court of Appeals[3] and a *pro se* petition for review with the Arizona Supreme Court.

---

[3] The record provided by Respondents does not indicate whether the Court of Appeals ever issued a ruling on Petitioner's motion for reconsideration.


(Answer, Exs. U & V.) The Arizona Supreme Court summarily dismissed the petition for review on October 4, 2004.[4] (Answer, Ex. W.)

On October 5, 2004, Petitioner filed a Notice of Successive Petition for Post-Conviction Relief with the trial court. (Answer, Ex. Z.) The trial court appointed counsel to represent Petitioner in his successive petition. (Id.) On February 5, 2003, appointed counsel filed a motion to withdraw, stating that he had reviewed the record and found no colorable claims to raise on Petitioner's behalf. (Answer, Ex. AA.) The trial court granted the motion to withdraw and granted Petitioner an extension of time to file a pro se petition for post-conviction relief. (Answer, Ex. BB.) At the time Respondents' filed their Answer to the pending Petition (July 20, 2005), proceedings related to Petitioner's successive petition for post-conviction relief were still pending, but Petitioner had not yet filed his successive petition. (Answer, pg. 4.) A review of the docket for Mattison's proceedings in the Coconino County Superior Court indicates that the proceedings remain pending, but Petitioner has not filed his successive petition and no activity has occurred in the trial court since July 20, 2005. (See Coconino County Superior Court website at http://www.supreme.state.az.us/publicaccess/notification/casedetail.asp?cs_id=iieqaeqm&crt_name=Coconino%20County%20Superior.)

On December 22, 2004, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. In his petition, Petitioner presents ten claims for relief:[5]

1.  **Ground 1:** Petitioner was denied effective assistance of counsel when trial counsel failed to call three significant defense witnesses who would have corroborated

---

[4] While post-conviction proceedings were pending, Petitioner sent a *pro se* "Writ of Mandamus" directly to the trial court without filing it. On July 15, 2004, the trial court, unsure of what relief Petitioner was seeking, returned the original to Petitioner. (Answer, Ex. X.) Petitioner also filed a *pro se* "Petition in Support of Habeas Corpus Relief and the Gross Miscarriages of Justice Causing Permanent Damages" with the trial court, which the trial court summarily denied on August 23, 2004. (Answer, Ex. Y.)

[5] The Petition is rambling and difficult to follow. Although Petitioner provides headings for five grounds of relief, Petitioner presents more than five claims in the "Supporting Facts" section of each Ground. The Court has construed the Petition broadly in an attempt to include any claims that Petitioner may have validly raised.

- 5 -

      Petitioner's testimony at trial and established that Officer Devore unreasonably interfered with Petitioner's right to counsel;

2. **Ground 1A:** The trial court abused its discretion when it instructed the jury that Petitioner's post-<u>Miranda</u> silence could be construed as an admission;

3. **Ground 2:** Trial counsel failed to effectively litigate Petitioner's pretrial motion to dismiss because she (a) neglected to correct the erroneous evidence advanced by the State, (b) neglected to argue that the police acted unreasonably in not waiting for Petitioner's counsel to return Petitioner's call, and (c) neglected to offer testimony of witnesses who would have established that Petitioner was waiting for his counsel to call the jail;

4. **Ground 2A:** The officer who arrested Petitioner assaulted him and gave conflicting testimony during the trial;

5. **Ground 3:** Trial counsel failed adequately to litigate the portion of Petitioner's pretrial motion to dismiss which argued that Petitioner was denied his right to obtain exculpatory evidence;

6. **Ground 4:** Trial counsel failed to object to the trial court's erroneous jury instruction regarding Petitioner's right to consult with a lawyer prior to deciding whether to take a breath test and failed to request a theory of defense instruction supported by the evidence;

7. **Ground 4A:** The trial court abused its discretion by instructing the jury regarding a defendant's right to counsel and failing to instruct the jury on a theory of defense instruction supported by the evidence;

8. **Ground 4B:** Petitioner believes that the public record and trial court transcripts have been tampered with;

9. **Ground 4C:** Trial counsel failed to correct the erroneous criminal history presented in the addendum to the pre-sentencing report; and

10. **Ground 5:** The trial court, in imposing Petitioner's sentence, improperly considered facts not submitted to the jury in violation of Blakely v. Washington, 542 U.S. 296 (2004).[6] (Petition, pgs. 5-9; Doc. No. 47).

## DISCUSSION

**A.    Exhaustion**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). First enunciated in Ex parte Royall, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. Castille v. Peoples, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. Rose v. Lundy, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. See Rose v. Lundy, 455 U.S. 509, 519 (1982). A petitioner must have also presented his claim in a procedural context in which its merits will be considered. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A habeas

---

[6] In the original Petition, the allegations raised in Ground 5 were so incoherent that Respondents argued in their Answer that they could not decipher Ground 5 enough to respond to it. (Petition, pg. 9; Answer, pgs. 28-29.) After Respondents' Answer was filed, Petitioner was permitted to file a reply (Doc. No. 28) and to supplement his Petition three times. (Doc. Nos. 38, 40 & 47.) Petitioner's final supplement (Doc. No. 47) was construed as a clarification of Ground 5. (Order dated 3/8/06, Doc. No. 51.) Respondents were afforded an opportunity to supplement their Answer with respect to Petitioner's clarification of Ground 5 (Doc. No. 51), and did so (Doc. No. 53).

petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. See Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

### i. Petitioner has exhausted Grounds 1, 2, 3, 4 and 4C

Petitioner presented Grounds 1, 2, 3, 4 and 4C in his Rule 32 petition and in his Court of Appeals petition for review. Accordingly, Petitioner has fairly exhausted Grounds 1, 2, 3, 4 and 4C, and the merits of those claims will be addressed below.

### ii. Petitioner has not exhausted Grounds 1A, 2A, 4A, 4B or 5

Petitioner did not present Grounds 1A, 2A, 4A , 4B or 5 in his Rule 32 petition or in his Court of Appeals petition for review. Because Petitioner did present Grounds 1A, 2A, 4A , 4B or 5 to state court on collateral proceedings prior to raising them in his federal petition, they are

not exhausted, and they cannot be raised for the first time in his federal Petition.[7] See Rose, 455 U.S. at 519.

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 1A, 2A, 4A, 4B or 5 in state court absent an applicable exception under Rules 32.2(b) and 32.1(d)-(h), Ariz. R. Crim. P. Only Ground 5 arguably falls within one of these exceptions. Rule 32.1(g), Ariz. R. Crim. P., excludes from preclusion claims based on "a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." In Ground 5, Petitioner contends that the trial court, in imposing Petitioner's sentence, improperly considered facts not submitted to the jury in violation of Blakely v. Washington, 542 U.S. 296 (2004). Because the Blakely decision was issued three years after Petitioner's 2001 conviction, it arguably constitutes a "significant change in the law" within the meaning of Rule 32.1(g). However, Blakely does not apply retroactively. See generally Teague v. Lane, 489 U.S. 288 (1989); Schriro v. Summerlin, 542 U.S. 348 (2004); Cherry v. Araneta, 203 Ariz. 532 (App. 2002). Thus, Ground 5 does not allege a change in the law *applicable to Petitioner's case*, and therefore it does not fall within the scope of Rule 32.1(g), Ariz. R. Crim. P. Therefore, Grounds 1A, 2A, 4A, 4B and 5 are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (citations omitted; internal quotation marks omitted); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992). Petitioner does not allege either cause and prejudice or a fundamental miscarriage of justice to overcome the default. Therefore, the

---

[7] It is unclear whether Petitioner intended to or intends to raise these claims in his successive state court petition for post-conviction relief; the successive petition has not been filed and is therefore not available for the Court's reference, but the state proceedings remain pending. Petitioner has not notified the Court of any claims currently being raised in state court; regardless, such claims are not yet exhausted. Furthermore, even if Petitioner were to raise Grounds 1A, 2A, 4A, 4B or 5 in his successive state court petition for post-conviction relief, they would be precluded under Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 and would therefore be considered procedurally defaulted by this Court. See Ortiz v. Stewart, 149 F.3d 923, 931 (9th Cir. 1998) (finding it is district court's role to assess availability of state court remedy).

1 Magistrate Judge recommends that Grounds 1A, 2A, 4A , 4B and 5 be dismissed as procedurally barred.

### B.  Merits

#### i.  Standard of Review

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. Wainwright v. Witt, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. Sumner v. Mata, 449 U.S. 539, 546 (1981).  The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States.  Reed v. Farley, 512 U.S. 339 (1994).  General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Bonin, 77 F.3d at 1158.  The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).  The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir.2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; Bell v. Cone, 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

Each of Petitioner's exhausted claims alleges ineffective assistance of counsel. Pursuant to Strickland v. Washington, 466 U.S. 668 (1984), the leading United States Supreme Court case governing claims of ineffective assistance of counsel, the Sixth Amendment guarantees the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. at 686. The burden of proof on Petitioner to show ineffective assistance is two-pronged. First, Petitioner must show that counsel's performance was deficient, in that counsel made errors so serious that counsel was not functioning as "counsel." Strickland, 466 U.S. at 687. In demonstrating a deficient performance, Petitioner must show that the representation fell below an objective standard of reasonableness. Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential, since there is a "strong presumption that counsel's performance falls within the "wide range of professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. 689).

Second, in proving ineffectiveness, Petitioner must show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 692. To prove prejudice, Petitioner

must show that there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

Mere conclusory allegations are insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). A habeas petitioner is entitled to an evidentiary hearing or habeas relief when "he has alleged facts [in his petition] which, if proven, would entitle him to relief. . . . Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quotations omitted).

In order to be entitled to relief on Grounds 1, 2, 3, 4 or 4C, Petitioner must demonstrate that the state court's decision was based on a legal standard contrary to the Strickland standard, or was based on an unreasonable determination of the facts in light of the evidence presented. In considering the ineffective assistance of counsel claims raised in Petitioner's Rule 32 petition, the trial court[8] correctly noted that in order "to establish a claim of ineffective assistance of counsel, petitioner must demonstrate by a preponderance of the evidence that: (1) counsel's performance fell below an objective standard of reasonableness as defined by prevailing professional practices; and (2) the deficient performance resulted in prejudice to the defense." (Answer, Ex. P.) Because the trial court applied the correct legal standard under Strickland, Petitioner is not entitled to habeas relief unless he can demonstrate that the trial court's application of the facts to that legal standard was unreasonable.

**ii.    Ground 1**

Petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to call three significant defense witnesses who would have corroborated Petitioner's testimony at trial and established that Officer Devore unreasonably interfered with Petitioner's right to counsel. Petitioner does not identify which three witnesses he believes that his trial

---

[8] When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. Avila v. Galaza, 297 F.3d 911, 918 & n. 6 (9th Cir.2002).

- 12 -

1 counsel should have called, nor does he explain what their testimony would have been. Petitioner does, however, incorporate his Rule 32 petition into Ground 1 by reference. In his Rule 32 petition, Petitioner argued that his trial counsel erred in failing to call three significant defense witnesses, two of whom would have corroborated Petitioner's testimony at trial and two of whom would have offered testimony related to Petitioner's claim that Officer Devore unreasonably interfered with Petitioner's right to counsel. (Answer, Ex. O, pgs. 5-6.)

According to Petitioner's Rule 32 petition, he testified at trial that he left work completely sober and did not have adequate time after leaving work and prior to being pulled over by the arresting officer to consume a sufficient amount of liquor to cause him to be impaired. (Answer, Ex. O, pg. 6.) Petitioner claims that his trial counsel should have called Michael Popovich as a witness, because Popovich worked with Petitioner and could have testified that Petitioner was sober when he left work. (Answer, Ex. O, pg. 5.) Popovich would also have testified that he picked up Petitioner's truck on the day following his arrest, and that the truck was filled with groceries and a milkshake, the relevance of such testimony being that Petitioner had grocery-shopped and bought a milkshake after work, and therefore did not have time to consume alcohol prior to his arrest. A second witness, Sabryna Popovich, would have corroborated Michael Popovich's testimony.

In addition, Petitioner's counsel filed a pre-trial motion to dismiss the charges brought against Petitioner on the ground that Officer Devore unreasonably interfered with Petitioner's right to counsel following his arrest. (Answer, Ex. E, App. A.) Petitioner was permitted to call his attorney, Phil Hineman, prior to taking a breath test (which Petitioner ultimately refused to take), but Hineman did not accept collect calls. (Answer, Ex. O.) Officer Devore testified that he offered Petitioner a phone book so that he could locate a local attorney, but Petitioner declined. (Answer, Ex. GG, pg. 31.) Petitioner then telephoned Michael Popovich and his mother, Marie Mattison. (Answer, Ex. P.) At the evidentiary hearing on the motion to dismiss, Petitioner's counsel stipulated that after Petitioner was arrested, Officer Devore told him that if he wanted to make a long distance phone call, he would have to call collect. (Answer, Ex. O, pg. 6.) The only witness that Petitioner's counsel called in support of the motion to dismiss

- 13 -

was Petitioner. Petitioner claims that his trial counsel should have also called Popovich and Marie Mattison, both of whom would have testified that Petitioner called them and asked them to call Hineman and ask Hineman to call him back at the jail. (Answer, Ex. O, pg. 7.) Marie Mattison would have testified that she left a message on Hineman's voicemail but did not receive a return call from him. (Answer, Ex. O.) Popovich would have testified that he was also unable to reach Hineman. (Id.)

The trial court concluded that Petitioner failed to present a colorable claim of ineffective assistance of counsel. The trial court noted that Petitioner had testified to the events leading up to his arrest (*i.e.* that he left work at 5:30 p.m., went grocery shopping and bought a milkshake) and that the prosecution did not offer evidence to contradict this testimony. The trial court found that Petitioner was not prejudiced by his counsel's decision not to call the Popovichs as witnesses. The trial court also concluded that Popovich and Marie Mattison's testimony would not have changed the denial of Petitioner's motion to dismiss, because the testimony would not have demonstrated that Officer Devore prevented access between Petitioner and Hineman.

The trial court's decision was not an unreasonable application of the Strickland standard to the facts before the court. While it may have been useful to bolster Petitioner's testimony regarding the events leading up to his arrest with supporting testimony from the Popovichs, trial counsel's failure to present that evidence did not constitute ineffective assistance of counsel. The Popovichs' testimony regarding whether Petitioner would have had time to consume alcohol prior to his arrest would have been speculative at best, given that the Popovichs did not have first-hand knowledge of how Petitioner spent the hour prior to his arrest. In addition, the Popovichs' testimony was merely cumulative of the testimony offered by Petitioner. Trial counsel does not fall below an objective standard of reasonableness for failure to call witnesses whose testimony is cumulative. See United States v. Schaflander, 743 F.2d 714, 718 (9th Cir. 1984).

Even if Petitioner's trial counsel had called Marie Mattison and Popovich to testify during the evidentiary hearing on Petitioner's motion to dismiss, their testimony would not have affected the trial court's ruling. At issue before the trial court was whether Officer Devore

- 14 -

1  unreasonably interfered with Petitioner's right to counsel by only allowing Petitioner to make
2  either a local call or a collect long-distance call.  According to Petitioner, Popovich and Marie
3  Mattison would have testified that Petitioner called them and asked them to call Hineman and
4  ask Hineman to call him back at the jail; that Marie Mattison left a message on Hineman's
5  voicemail but did not receive a return call; and that Popovich was also unable to reach
6  Petitioner's attorney. (Answer, Ex. O.) None of this testimony is relevant to Officer Devore's
7  conduct at the time Petitioner was trying to contact counsel of his choice.  To the contrary, the
8  testimony of Popovich and Marie Mattison would have suggested that, even if Petitioner had
9  been able to call Hineman without making a collect call, counsel would not have been available;
10 that evidence would have weakened Petitioner's argument that but for Officer Devore's refusal
11 to allow him a non-collect call, he would have had the advice of counsel prior to refusing his
12 breath test.  Thus, Petitioner's trial counsel did not act unreasonably in failing to call Marie
13 Mattison and Popovich as witnesses at the evidentiary hearing on the motion to dismiss.

**iii.    Ground 2**

15 The motion to dismiss filed by Petitioner's trial counsel was centered on the argument
16 that Petitioner had a legal right to make a long distance call to his counsel of choice. (Id.)  In
17 Ground 2, Petitioner claims that the motion to dismiss was inadequate and that therefore his trial
18 counsel was constitutionally ineffective.  Petitioner believes that his trial counsel should have
19 made three additional arguments during litigation of the motion to dismiss:

20 (1) In its response to Petitioner's motion to dismiss, the State argued that if Petitioner had
21 accepted Officer Devore's offer to look through the telephone book to locate an attorney,
22 Petitioner would have discovered that Hineman had a local phone number. (Answer, Ex. O, pg.
23 8.)  The trial court relied on the State's position in denying the motion to dismiss, concluding
24 in part that Officer Devore did not unreasonably interfere with Petitioner's ability to contact
25 counsel of his choice, because Petitioner was offered the phone book and the phone book would
26 have allowed him to contact counsel of his choice. (Answer, Ex. F, pg. 3.)  In his Rule 32
27 petition, Petitioner argued that the State's evidence was erroneous, because the local number for
28 Petitioner's counsel of choice provides nothing more than an answering machine with call

1 forwarding to another office in Tempe. (Answer, Ex. O, pg. 9.) Petitioner argued that his trial counsel should have investigated the local number and argued that the State's position was inaccurate. (Id.)

(2) Petitioner attempted to call Hineman at his office, on Hineman's associate's cell phone, and through calls to Popovich and Marie Mattison. All of his attempts to reach Hineman were unsuccessful. Approximately ten minutes later, Officer Devore told Petitioner that he needed to take the breath test or his inaction would be deemed a refusal. (Answer, Ex. O, pg. 7.) Petitioner claims that his trial counsel should have argued that Officer Devore violated Petitioner's right to consult with counsel by not waiting longer than ten minutes for Hineman to call Petitioner in jail.

(3) According to Petitioner, his trial counsel erred in not calling Marie Mattison and Popovich as witnesses during the evidentiary hearing on the motion to dismiss. Petitioner claims that Popovich and Marie Mattison would have testified that Petitioner called them from jail and asked them to contact Hineman. Petitioner also claims that Popovich would have testified that he attempted to call Petitioner at jail, but was not permitted to speak to Petitioner because he had already been booked.

The trial court denied Petitioner's Rule 32 petition, concluding that Petitioner was not deprived of effective assistance of counsel as a result of the manner in which Petitioner's trial counsel litigated the motion to dismiss. (Answer, Ex. P.) This conclusion was a reasonable application of the Strickland standard to the facts before the Court. Even if Petitioner's trial counsel had made the additional arguments suggested by Petitioner, she could not have won her motion, because the record was devoid of evidence necessary to prove an element of the claim. In order to prevail on her motion to dismiss, Petitioner's counsel was required to demonstrate that Officer Devore, without justification, prevented access between Petitioner and his counsel, that Petitioner's counsel was available in person or by immediate telephone communication, and Petitioner's access to counsel would not have interfered unduly with Officer Devore's investigation. See McNutt v. Superior Court, 133 Ariz. 7, 9, 648 P.2d 122, 124 (1982). In the present case, there is no evidence to suggest that Hineman was available in person or by

1  *immediate* telephone communication.  Petitioner has presented evidence that he was not able
2  to reach Hineman at two different numbers, and that neither Marie Mattison nor Popovich were
3  able to reach Hineman.  In addition, Petitioner has demonstrated that even the local phone
4  number for Hineman would not have resulted in immediate phone contact with Hineman.
5  Petitioner's trial counsel cannot be said to have been ineffective in failing to present additional
6  arguments in a motion to dismiss that was factually deficient from the outset.

### iv.    Ground 3

In Ground 3, Petitioner contends that his trial counsel failed adequately to litigate the portion of Petitioner's pretrial motion to dismiss which argued that Petitioner was denied his right to obtain exculpatory evidence.  In the motion to dismiss, Petitioner's trial counsel argued that by denying Petitioner his right to counsel, Officer Devore denied Petitioner his right to obtain exculpatory evidence. (Answer, Ex. DD.)  Petitioner argued in his Rule 32 petition, and argues before this Court, that his trial counsel should have argued that Petitioner was denied his right to obtain exculpatory evidence because he requested an independent blood test and Officer Devore refused his request.  (Answer, Ex. O, pg. 10; Petition, pg. 7.)

The trial court concluded that Petitioner's trial counsel was not ineffective for failing to present such an argument, because it was not supported by the evidence.  At trial, Petitioner testified that he wanted to speak to Hineman about whether he should request an independent blood test, but he did not testify that he asked Officer Devore if he could take an independent blood test.  Instead, Petitioner testified that, once he was unable to reach Hineman, he "chose not to say anything."  (Answer, Ex. P.)  Thus, there was no evidence to support Petitioner's claim.

The trial court's decision was a reasonable application of the Strickland standard to the facts before it.  Because the argument that Petitioner was denied his right to exculpatory evidence was not supported by any facts, there is not a reasonable probability that, if Petitioner's trial counsel had made such an argument, the result of the proceedings would have been different.  Strickland, 466 U.S. at 692.

### v.     Ground 4

In Ground 4, Petitioner contends that his trial counsel was ineffective because she failed to object to the trial court's erroneous jury instruction regarding Petitioner's right to consult with a lawyer prior to deciding whether to take a breath test and failed to request a theory of defense instruction supported by the evidence. At trial, the court instructed the jury that a motorist is not entitled to the assistance of counsel in deciding whether or not to submit to a breath test, and that if the jury found that the motorist refused to submit to a breath test, it could consider that as evidence. (Answer, Ex. HH, pg. 37.) Petitioner argued in his Rule 32 petition that the jury instruction misstated the law, because a motorist does have the right to consult with an attorney prior to taking a breath test, as long as the consultation does not interfere with police investigation. (Answer, Ex. O, pg. 11.)

The trial court concluded that Petitioner was not deprived of effective assistance of counsel because "the issue of access to counsel had been litigated in the context of the Motion to Dismiss. Petitioner was afforded access to counsel. He did not take advantage of that right. The instruction did not prejudice defendant." (Answer, Ex. P.)

The trial court's decision was a reasonable application of the Strickland standard to the facts before it. Although the jury instruction was incorrect, see State v. Juarez, 161 Ariz. 76, 81, 775 P.2d 1140, 1145 (Ariz.1989) (holding that an accused has a right to consult with counsel prior to taking a breath test so long as the consultation does not interfere with the investigation), Petitioner was not prejudiced by it. To prove prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors and omissions, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In the present case, the jury was confronted with substantial evidence tending to prove that Petitioner had driven while under the influence. Officer Devore testified that he observed Petitioner making a wide turn, weaving within his lane and driving only ten miles per hour. (Answer, Ex. FF, pgs. 50-51.) Officer Devore also testified that when Petitioner was pulled over, his eyes were watery and bloodshot and he smelled of alcohol. (Answer, Ex. FF, pgs. 55, 63.) Open beer cans were discovered in Petitioner's vehicle. (Answer, Ex. FF, pg. 64.) Petitioner failed five field sobriety tests.

(Answer, Ex. FF, pgs. 72-78.)  Petitioner stipulated to driving with a suspended license. (Answer, Ex. FF, pg. 56.)  Thus, even if Petitioner's trial counsel had corrected the jury instruction, and the jury had not considered evidence of Petitioner's refusal to take a breath test during its deliberations, the jury would nonetheless possess substantial evidence upon which to convict Petitioner.

### vi. Ground 4C

In Ground 4C, Petitioner argues that his trial counsel was ineffective for failing to correct the erroneous criminal history presented in the addendum to the pre-sentencing report. Petitioner presented this argument in his Rule 32 petition, and the trial court found that Petitioner was entitled to relief on this claim.  (Answer, Ex. P.)  Because the pre-sentencing report misstated that Petitioner had five prior DUI's and five prison terms, when in fact he had 3 prior DUIs and only 2 felony convictions within ten years, the trial court erroneously considered prior convictions as aggravating factors during sentencing.  (Id.)  Upon considering the Rule 32 petition, the trial court found that none of Petitioner's prior convictions should have been used for aggravation at sentencing.  (Id.)  Accordingly, the trial court re-sentenced Petitioner to a term of eight, rather than twelve, years.  (Answer, Ex. R.)

Ground 4C fails to state a claim upon which relief can be granted.  Petitioner may only present claims in his Petition which challenge his current conviction.  See 28 U.S.C. § 2254; see also Reed, 512 U.S. at 347 (stating that federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement is pursuant to a judgment which violates the Constitution, laws, or treaties of the United States).  The error made by trial counsel during Petitioner's first sentencing has been corrected, that sentence has been vacated, and Petitioner is now serving an eight-year term of confinement pursuant to the corrected sentence. Petitioner does not allege that his current eight-year sentence was entered in error. Accordingly, Petitioner is not entitled to relief on Ground 4C.

### **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

- 19 -

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 04-2961-PHX-JAT.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 12th day of April, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge