1    **WO**

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6               FOR THE DISTRICT OF ARIZONA

7

8    Robert Amos Mattison,           )    No. CV 04-2961-PCT-JAT
                                     )

9            Petitioner,          )    **JUDGMENT**
                                       )

10    vs.                                    )
                                     )

11                                      )
   Greg Fizer, et al.,             )

12                                      )
           Respondents.        )

13    _____ )

14        On December 22, 2004, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc.

15 #1.) On April 13, 2007, the Magistrate Judge issued a Report and Recommendation

16 ("R&R") recommending that the Petition be denied. (Doc. #60.) Petitioner failed to timely

17 object to the R&R and this Court entered Judgment on May 8, 2007, adopting the Magistrate

18 Judge's recommendation to deny the Petition for Writ of Habeas Corpus. (Doc. #62.) On

19 May 18, 2007, Petitioner filed a Motion for a New Trial under Fed. R. Civ. P. 59 and

20 contemporaneously filed his objections to the Magistrate Judge's R&R. (Doc. # 67, 68.) On

21 May 25, 2007, this Court vacated its earlier Judgment and granted Petitioner's request to

22 reopen this case to consider Petitioner's objections to the R&R. (Doc. #69.) This Court,

23 having conducted a *de novo* review of the R&R and having considered Petitioner's

24 objections to the recommendations contained therein, now rules that the Petition for Writ of

25 Habeas Corpus is denied and this action is dismissed with prejudice.

26

27

28

**Standard of Review**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").  Because Petitioner filed objections in this case, the Court will review the objected-to portions of the R&R *de novo*.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction.  With respect to any claims that Petitioner has exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts.  *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

---

[1] Further, in applying federal law the state courts need to act in accordance with only Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) ("In attempting to answer [whether the state court applied federal law in an objectively reasonable manner], the *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ("The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.")").

1          ***De Novo* Review of Petitioner's Claims for Relief**

2          **Petitioner's Motion for Default Judgment**

3          As a threshold issue, Petitioner brings a Motion for Default Judgment to grant his

4 Petition for a Writ of Habeas Corpus alleging that the State failed to fully comply with Local

5 Rule 7.2(i) by failing to file a response to each motion Petitioner has filed before this Court.[2]

6 (Pet.'s Mot. For New Trial at 8-9.)  Since the State has answered and opposed the Petition,

7 this motion is denied.

8          **Procedural History and Facts of the Case**

9          The procedural history and the facts of the case are recounted in the R&R and are

10 based upon the record provided to this Court.  (R&R at 2-19.)  Petitioner has generally

11 objected that the record reviewed by the Magistrate Judge was incomplete and factually

12 incorrect.  (Pet.'s Mot. For New Trial at 2, 3.)   Petitioner specifically objected to the

13 Magistrate Judge's use of Exhibits provided with the State's Answer to the Petition for Writ

14 of Habeas Corpus. (*Id.* at 9-10.)   Petitioner contended that the Magistrate Judge's use of

15 those Exhibits, including a Minute Entry from the Superior Court of Coconino County,

16 amounted to reliance upon "prejudicial selective portions of an erroneous record." (*Id.*)

17 Petitioner also objected that the Magistrate Judge did not adopt Petitioner's version of the

18 facts as recounted in Petitioner's various pleadings and motions when considering

19 Petitioner's claims for relief. (*Id.* at 12.) Specifically, Petitioner objected to the Magistrate

20 Judge's conclusion that Petitioner was unable to correctly perform the field sobriety tests.

21 (*Id.* at 29.) Petitioner repeatedly insisted that the Magistrate Judge failed to perform her role

22 as a "fact finder" and objected to the fact that the Magistrate Judge did not perform an

23 independent investigation of what Petitioner claims to be disputed facts of the case. (*Id.* at

24 23, 28, 34.) Petitioner also objected on the ground that the Magistrate Judge did not review

25

26

27 [2]Petitioner did not separately file a Motion for Default Judgment, but this Court has liberally construed the language of Petitioner's Motion for a New Trial to include a Motion for

28 Default Judgment.

1  the conviction to make an independent assessment as to whether the prosecution presented

2  sufficient evidence at trial to support a guilty verdict.  (*Id.* at 35.)

3      When considering Petitioner's claims for habeas relief, the Magistrate Judge reviewed

4  a record that consisted of Exhibits A-HH that the State included with its Answer to the

5  Petition for Writ of Habeas Corpus.  The State is required by statute to provide a copy of

6  those portions of the record a petitioner requires to support claims challenging the sufficiency

7  of the evidence used to make factual determinations when such claims are made by indigent

8  persons in custody pursuant to a State court judgment.  28 U.S.C. § 2254(f).   The State

9  certified that a copy of the Answer and the Exhibits were sent to the Petitioner on July 20,

10  2005.  (Ans. at 30.)  Petitioner acknowledged receipt of the Answer in a Response filed on

11  July 27, 2005.  (Pet.'s Resp. to Ans. at 1.)  This Court has reviewed the record the State

12  provided and finds that the record contained sufficient information to properly consider each

13  of Petitioner's claims for relief.  The record included the trial transcripts, along with copies

14  of state court orders and decisions relevant to Petitioner's case.  In addition, Petitioner has

15  had ample opportunity to supplement the record if Petitioner believed there were material

16  portions of the record that were missing.  Petitioner's objection that the record considered

17  by the Magistrate Judge was incomplete is overruled.

18      In summarizing the procedural history and facts of the case, and in performing the

19  analysis to reach her conclusions and recommendations for each of Petitioner's claims for

20  relief, the Magistrate Judge relied upon a record that included state court decisions and trial

21  transcripts.  This Court is bound to presume the correctness of the state court's factual

22  findings regarding a petitioner's claims.  28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d

23  923, 936 (9th Cir. 1998).  This presumption may only be overcome if Petitioner presents

24  clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Petitioner averred

25  that the record was factually incorrect but did not provide any evidence to support his claims.

26  General averments in pleadings and motions are not alone sufficient to overcome the

27  presumption of correctness of the state court's factual findings.

28

1    While Petitioner may disagree with the *version* of the facts the Magistrate Judge used

2    to reach her conclusions, and may prefer that his version of the events prevail, Petitioner is

3    reminded that this Court "must accept the jury's credibility findings consistent with the

4    verdict." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1468 n.8 (9th Cir.1984).  In this case,

5    Petitioner was convicted at a jury trial of aggravated driving under the influence.  "A jury's

6    verdict must be upheld if it is supported by substantial evidence."  *Gilbrook v. City of*

7    *Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).  "Substantial evidence is evidence adequate

8    to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from

9    the same evidence." *Id.*  This Court has reviewed the trial transcripts and is satisfied that the

10   jury's verdict in this case is supported by substantial evidence.  As such, this Court must

11   view the record in a manner so as to be consistent with the jury's verdict and thereby

12   consider only those facts in the record that support the jury's verdict.  *Reeves v. Sanderson*

13   *Plumbing Prods., Inc.,* 530 U.S. 133, 120 (2000) ("Although the court should review the

14   record as a whole, it must disregard all evidence favorable to the moving party that the jury

15   is not required to believe.").  Further, this Court does not have the role of independent fact

16   finder and "may not substitute its view of the evidence for that of the jury." *Johnson v.*

17   *Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).  Therefore,

18   Petitioner's objections that the record was factually incorrect and that the Magistrate Judge

19   failed to conduct an independent investigation of the facts are overruled.  In addition,

20   Petitioner's objection that the Magistrate Judge failed to find that the prosecution did not

21   present sufficient evidence to support a guilty verdict is also overruled.

22   Based on the foregoing, this Court overrules Petitioner's objections to the

23   completeness and accuracy of the record the Magistrate Judge used to arrive at her

24   conclusions and recommendations.  This Court hereby adopts the factual and procedural

25   history as recounted in the R&R.  This Court also adopts the facts recounted in other sections

26   of the R&R that the Magistrate Judge used to reach her conclusions and recommendations

27   for each of Petitioner's claims for relief.

28

**Petitioner's Claims for Relief**

The Magistrate Judge distilled ten claims for relief from the Petition for Writ of Habeas Corpus.[3] Petitioner has not objected to the Magistrate Judge's characterization of his claims and this Court hereby accepts and adopts the characterization provided in the R&R. Petitioner's claims for relief are:

1.     **Ground 1:** Petitioner was denied effective assistance of counsel when trial counsel failed to call three significant defense witnesses who would have corroborated Petitioner's testimony at trial and established that Officer Devore unreasonably interfered with Petitioner's right to counsel;

2.     **Ground 1A:** The trial court abused its discretion when it instructed the jury that Petitioner's post-*Miranda* silence could be construed as an admission;

3.     **Ground 2:** Trial counsel failed to effectively litigate Petitioner's pretrial motion to dismiss because she: (a) neglected to correct the erroneous evidence advanced by the State, (b) neglected to argue that the police acted unreasonably in not waiting for Petitioner's counsel to return Petitioner's call, and (c) neglected to offer testimony of witnesses who would have established that Petitioner was waiting for his counsel to call the jail;

4.     **Ground 2A:** The officer who arrested Petitioner assaulted him and gave conflicting testimony during trial;

5.     **Ground 3:** Trial counsel failed to adequately litigate the portion of Petitioner's pretrial motion to dismiss which argued that Petitioner was denied his right to obtain exculpatory evidence;

---

[3]The Petition is disorganized and as a result, is difficult to follow. Although Petitioner provided headings for five grounds for relief, Petitioner presented more than five claims in the "Supporting Facts" section of each Ground for relief. The Magistrate Judge construed the Petition broadly in an attempt to include any claims that Petitioner may have validly raised.

6.     **Ground 4:** Trial counsel failed to object to the trial court's erroneous jury instruction regarding Petitioner's right to consult with a lawyer prior to deciding whether to take a breath test and failed to request a theory of defense instruction supported by the evidence;

7.     **Ground 4A:** The trial court abused its discretion by instructing the jury regarding a defendant's right to counsel and failing to instruct the jury on a theory of defense instruction supported by the evidence;

8.     **Ground 4B:** Petitioner believes that the public record and trial court transcripts have been tampered with;

9.     **Ground 4C:** Trial counsel failed to correct the erroneous criminal history presented in the addendum to the pre-sentencing report; and

10.    **Ground 5:** The trial court, in imposing Petitioner's sentence, improperly considered facts not submitted to the jury in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

(R&R at 5-7.)

Petitioner has objected to the Magistrate Judge's recommendation on all claims except Ground 4C. In his Motion for New Trial, Petitioner has attempted to introduce additional claims for relief not included in the original Petition for Writ of Habeas Corpus. Petitioner's claims for relief are reviewed *de novo* in turn.

### Exhaustion and Procedural Default

In the R&R, the Magistrate Judge recounted the law of exhaustion in habeas cases, procedural default, and excusing procedural default through a showing of cause and prejudice or actual innocence. (R&R at 7-8.) Petitioner did not object to this recounting of the law governing habeas petitions in federal court. This Court hereby accepts and adopts the Magistrate Judge's legal analysis concerning exhaustion and procedural default and will only address the merits of those claims Petitioner has exhausted in Arizona courts.

1

**Grounds 1A, 2A, 4B, and 5**

2      In the R&R, the Magistrate Judge concluded that Petitioner had not exhausted

3   Grounds 1A, 2A, 4B, and 5 in state court prior to raising them in his federal habeas petition.

4   (R&R at 8-9.)  The Magistrate Judge further concluded that if Petitioner were to now raise

5   these claims in state court, they would be procedurally barred by Ariz. R. Crim. P. 32.2(a)(3)

6   and 32.4.  (*Id.*)  The Magistrate Judge found that Petitioner had presented no evidence of

7   either cause and prejudice or a fundamental miscarriage of justice sufficient to overcome a

8   procedural default, and recommended that Petitioner's claim for habeas relief be denied as

9   to Grounds 1A, 2A, 4B, and 5.  (*Id.* at 9-10.)

10      Petitioner objected to the Magistrate Judge's recommendation as to Grounds 1A, 2A,

11   4B, and 5 and asserted that these claims had been raised and exhausted in state court.  (Pet.'s

12   Mot. For New Trial at 15-16.)  Petitioner cited an order from the Arizona Court of Appeals,

13   Division One, (CA-CR 03-05140) denying Petitioner's request for review of the trial court's

14   denial of post-conviction relief as evidence of exhaustion of these claims.  (*Id.* at 16.)

15   Petitioner also asserted that he filed two civil rights complaints under 42 U.S.C. § 1983 as

16   well as "multiple" complaints with the State Bar of Arizona as further evidence that Grounds

17   1A, 2A, 4B, and 5 were raised and exhausted prior to filing his federal habeas claims.  (*Id.*

18   at 18.)

19      A petitioner must exhaust his claims by fairly presenting them to the state's highest

20   court, either through a direct appeal or collateral proceedings, before a federal court will

21   consider the merits of habeas corpus claims under 28 U.S.C. § 2254. *See Rose v. Lundy*, 455

22   U.S. 509, 519 (1982).  This Court has reviewed the record and has determined that Petitioner

23   did not raise Grounds 1A, 2A, 4B, or 5 in his original Petition for Post Conviction Relief.

24   (Ans. Ex. O.)  In addition, Petitioner did not raise Grounds 1A, 2A, 4B, or 5 before the

25   Arizona Court of Appeals in his Petition for Review of Summary Denial of Petition for Post

26   Conviction Relief.  (Ans. Ex. S.)  Although Petitioner asserts that he has filed two civil rights

27   complaints under 42 U.S.C. § 1983, civil rights claims under § 1983 do not stand in the place

28   of a direct appeal of Petitioner's original state court conviction nor do they fall within the

category of a "collateral proceeding" upon which a claim of exhaustion for habeas corpus relief may be based.  Likewise, Petitioner's asserted complaints before the State Bar of Arizona do not permit Petitioner to claim exhaustion of Grounds 1A, 2A, 4B, or 5.

Therefore, this Court agrees with and adopts the Magistrate Judge's conclusion that Grounds 1A, 2A, 4B, and 5 have not been exhausted at the state court level, and as a result, may not be raised for the first time in Petitioner's federal petition. This Court further agrees that if Petitioner were now to attempt exhaustion of these claims before the Arizona courts, Grounds 1A, 2A, 4B, and 5 would be procedurally barred under Ariz. R. Crim. P. 32.2(a)(3) and 32.4, and would not fall within one of the enumerated exceptions.  As such, Petitioner is also procedurally defaulted from bringing these claims before this Court. Since Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice, this Court accepts and adopts the Magistrate Judge's recommendation as to Grounds 1A, 2A, 4B, and 5. Petitioner's objections to the Magistrate Judge's conclusions and recommendations as to Grounds 1A, 2A, 4B, and 5 are overruled and Petitioner's request for habeas relief based on these Grounds is denied.

**Ground 4A**

In the R&R, the Magistrate Judge concluded that Petitioner had not exhausted Ground 4A in state court prior to raising it in his federal habeas petition.  (R&R at 8-9.)  The Magistrate Judge further concluded that if Petitioner were to now raise this claim in state court, it would be procedurally barred by Ariz. R. Crim. P. 32.2(a)(3) and 32.4.  (*Id.*)  The Magistrate Judge found that Petitioner had presented no evidence of either cause and prejudice or a fundamental miscarriage of justice sufficient to overcome a procedural default, and recommended that Petitioner's claim for habeas relief be denied as to Ground 4A. (R&R at 9-10.)

Petitioner objected to the Magistrate Judge's recommendation as to Ground 4A and asserted that this claim had been raised and exhausted in state court.  (Pet.'s Mot. For New Trial at 15-16.)  Petitioner cited an order from the Arizona Court of Appeals, Division One,

1   (CA-CR 03-05140) denying Petitioner's request for review of the trial court's denial of post

2   conviction relief as evidence of exhaustion of this claim.  (*Id.* at 16.)

3           This Court has reviewed the record and has determined that Petitioner did not raise

4   Ground 4A in his original Petition for Post Conviction Relief.  (Ans. Ex. O.)  However, an

5   argument could be made, albeit a weak one,  that Petitioner did raise Ground 4A in part

6   before the Arizona Court of Appeals in his Petition for Review of Summary Denial of

7   Petition for Post Conviction Relief.  (Ans. Ex. S at 17:17.)[4]  The Arizona Court of Appeals

8   summarily denied Petitioner's request for review without reaching the merits.  (Ans. Ex. T.)

9           Federal courts may entertain a state prisoner's petition for habeas relief only on the

10  grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the

11  United States.  *Reed v. Farley*, 512 U.S. 339 (1994).  General improprieties occurring in state

12  proceedings are cognizable only if they resulted in fundamental unfairness and consequently

13  violated the petitioner's Fourteenth Amendment right to due process.  *Estelle v. McGuire*,

14  502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine

15  state court determinations on state law questions.").  Arizona courts "will not overturn a

16  verdict unless [the court has] 'substantial doubt about whether the jury was properly guided.'

17  Even erroneous instructions do not compel reversal 'unless the error prejudiced the

18  appellant's substantial rights,' and prejudice affirmatively appears in the record."  *Smyser v.*

19  *City of Peoria*,  160 P.3d 1186, 1197 (Ariz. App. 2007) (internal citations omitted).

20          Assuming, *arguendo,* that the manner in which Petitioner raised Ground 4A in his

21  petition for review before the Arizona Court of Appeals was sufficient to exhaust his state

22  court remedies as to part of that claim, this Court may review the merits of that part of

23

24  [4]Ground 4A alleges in part that the trial court abused its discretion by providing an erroneous
25  instruction to the jury regarding a defendant's right to counsel before taking a breathalyzer
    test.  Petitioner's Petition for Review of Summary Denial of Petition for Post Conviction
26  Relief stated: "The trial court's conclusion that Petitioner was not prejudiced [by the
    erroneous jury instruction] is an abuse of discretion because it ignores the effect this
27  inaccurate instruction had on the jurors *at trial*." (Ans. Ex. S at 17:17.) (emphasis in
28  original).

Ground 4A to determine if habeas relief is warranted.[5]  Having completed such review, this Court finds that the trial court acknowledged in its Order setting an evidentiary hearing in response to Petitioner's claim for post-conviction relief that it did provide an erroneous jury instruction as to Petitioner's right to assistance of counsel under Arizona law in determining whether to take a breathalyzer test.  (Ans. Ex. P.)  This Court further finds that in refusing to order a new trial as a result of this error, the trial court did not violate the laws or treaties of the United States.  What remains, is whether the trial court's refusal to order a new trial in this case rises to the level of a Constitutional violation such that its refusal resulted in fundamental unfairness to Petitioner and consequently violated the his Fourteenth Amendment right to due process.  Having reviewed the trial transcripts, this Court finds the trial court's refusal to grant a new trial on the basis of this erroneous jury instruction was not unreasonable and did not result in a fundamental unfairness to the Petitioner.  Petitioner has not presented evidence, nor does the record support a conclusion, that this erroneous instruction created "substantial doubt about whether the jury was properly guided" when it concluded that Petitioner was guilty of aggravated DUI.  Ground 4A does not give rise to a colorable claim that Petitioner was prejudiced and denied due process.  Therefore, construing the Petition to the Arizona Court of Appeals liberally[6], this Court sustains in part Petitioner's objection to the Magistrate Judge's reasoning for denying Ground 4A, but upon review of the merits of the claim, denies Petitioner's request for habeas relief based upon Ground 4A.

### Grounds 1, 2, 3, and 4

In the R&R, the Magistrate Judge concluded that Petitioner had exhausted Grounds 1, 2, 3, and 4 in state court prior to raising them in his federal habeas petition.  (R&R at 8.)  After reviewing the merits of these claims, the Magistrate Judge further concluded that Petitioner did not raise a colorable claim of ineffective assistance of counsel in Grounds 1,

---

[6]This Court does not find the Magistrate Judge's conclusion that Ground 4A had not been exhausted to be unreasonable.  However, this Court has elected to liberally construe Petitioner's filings given Petitioner's status as a pro se litigant.

2, 3, or 4 under the standard set forth by the U.S. Supreme Court in *Strictland v. Washington*, 466 U.S. 668 (1984). (R&R at 12-19.) As a result, the Magistrate Judge recommended that Petitioner's claim for habeas relief be denied as to Grounds 1, 2, 3, and 4. (R&R at 19.)

Petitioner objected to the Magistrate Judge's recommendations generally as to Grounds 1, 2, 3, and 4, reasserting his claim of ineffective assistance of counsel during pretrial and trial proceedings. (Pet.'s Mot. For New Trial at 28.) Petitioner's objections added no new evidence to support his claims of ineffective assistance of counsel, but rather Petitioner urged this Court to review the record and his prior filings. (*Id.* at 14-15, 58.)

This Court has reviewed the record and Petitioner's filings and agrees with and adopts the Magistrate Judge's conclusion that Petitioner has failed to present colorable claims of ineffective assistance of counsel as to Grounds 1, 2, 3, and 4. Therefore, this Court overrules Petitioner's objections to the Magistrate Judge's conclusions and recommendations as to Grounds 1, 2, 3, and 4. Petitioner's request for habeas relief based on Grounds 1, 2, 3, and 4 is denied.

**Ground 4C**

In the R&R, the Magistrate Judge concluded that Petitioner had failed to state a claim upon which relief could be granted in raising Ground 4C since the error that formed the basis for this claim had already been corrected by the trial court. (R&R at 19.) Petitioner did not object to the Magistrate Judge's conclusion as to Ground 4C. This Court agrees with and adopts the Magistrate Judge's conclusion as to Ground 4C and hereby denies Petitioner's request for habeas relief based upon Ground 4C.

**New Claims Raised in Petitioners Motion for a New Trial**

Petitioner raises three new claims for habeas relief in Petitioner's Motion for New Trial. Petitioner claims: (1) that the indictment against him "was procured through fraud and perjured testimonies and constitutional violations" (Pet.'s Mot. For New Trial at 6.); (2) that the County Attorney "improperly attempted to influence the actions of the Grand Jury" (*Id.* at 40.); and (3) that there was an error in the Arizona Department of Motor Vehicles computer system that showed Petitioner had a suspended driver's license when in fact his

driver's license was not suspended.  (*Id.* at 48.)  This Court has reviewed the record and finds that Petitioner has not exhausted these claims before Arizona courts, nor has Petitioner shown cause and prejudice or fundamental miscarriage of justice to overcome his failure to exhaust, and as a result Petitioner can not obtain relief on these claims before this Court.  *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).  Thus, even if this Court liberally construes Petitioner's Motion for a New Trial as a Motion for Leave to Amend the Habeas Petition to assert these new claims, such Motion is denied as futile.

**Based on the foregoing,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #60.) is accepted and adopted as specified above for all Grounds except Ground 4A; Petitioner's Motion for Default Judgment is denied; Petitioner's general objections to the procedural history and facts of the case contained in the Report and Recommendation, as well as Petitioner's objections to Grounds 1, 1A, 2, 2A, 3, 4, 4B, and 5 are overruled; Petitioner's objection to Ground 4A is sustained but habeas relief on Ground 4A is denied; the new claims Petitioner has raised concerning fraudulent indictment, improper influence of the Grand Jury, and that there were errors in Petitioner's driving record have not been exhausted and may not be presented to this Court; the Petition for Writ of Habeas Corpus is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.  Thus Doc. #60 is accepted and adopted and Docs. #67 and #68 are overruled except as specified herein.  Doc. #1 is denied with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Protect Claims Filed (Doc. #72.) is denied as moot as a result of this Court having ruled today on the underlying Petition for Writ of Habeas Corpus and that Petitioner's Motion for Extension of Time to File an Appeal (Doc. #71.) is denied as unnecessary.  If Petitioner wishes to file an appeal, he may file a Notice of Appeal from this Final Order and Judgment.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Petitioner's motion for emergency assistance seeking to have this Court help him secure social security benefits (Doc. #73) is denied because such request is not properly brought as part of a petition for writ of habeas corpus.

DATED this 27th day of November, 2007.

James A. Teilborg
United States District Judge